Huo Shun LIN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Respondent.

No. 04–5211–AG.

United States Court of Appeals, Second Circuit.

March 23, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Lori S. Glenn, Assistant United States Attorney (James K. Vines, United States Attorney, William M. Cohen, Assistant United States Attorney, on the brief), Middle District of Tennessee, Nashville, Tennessee, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Huo Shun Lin, a native and citizen of the People's Republic of China, petitions for review of a September 13, 2004 order of the BIA adopting and affirming, with one exception, the February 11, 1999 and May 1, 2002 decisions of Immigration Judge Barbara A. Nelson (the "IJ") rejecting the petitioner's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

When the BIA adopts the IJ's decision and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). In this case, the BIA adopted the two IJ decisions in the record, with the exception of the IJ's finding that Lin's claims were legally insufficient to show entitlement to relief, which the BIA rejected. We therefore review the IJ's findings with the exception of the finding rejected by the BIA. *See Xue Hong*

*Yang v. United States DOJ*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004).

■ Lin argues that the adverse credibility determination was not supported by substantial evidence. Of the five bases for the 2002 adverse credibility determination, the IJ stated that "none ... alone are significant." First, the IJ noted that Lin was unable to remember at the 2002 hearing the name of the doctor that removed his wife's intra-uterine device ("IUD"), although he was able to remember the doctor's name during the 1999 hearing. Second, the IJ noted that Lin had testified in 1999 that the doctor was licensed, but said in 2002 that the doctor was not licensed. Third, the IJ noted that Lin's wife believed the family planning fine was paid in the month of September, whereas Lin believed it was either in September or "[a]round October." These are minor and isolated inconsistencies that do not pertain to the substance of Lin's asylum claim, and were therefore entitled to little if any weight. "Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 395 (2d Cir.2005).

■ Fourth, the IJ also believed it inconsistent that Lin "indicated that his wife was harassed because of the violation of the family planning policies," whereas "[a]ccording to the wife, the only thing

that happened is that her name is on a list. She has not indicated that there was any harassment." But the wife testified that being on that list meant "that I couldn't basically do ... a lot of things," including sending her child to the school of her choice, and that the purpose of the list was to make an example of her "to let people know that you shouldn't go to have more children like me." The IJ did not explain why treatment of this kind is inconsistent with the husband's use of the word "harassment." This finding is therefore not sustainable.

■ Fifth, although the IJ was correct that Lin's evidence was inconsistent as to the date the IUD was inserted, this finding is a weak one. Lin's original I–589 amendment reported that the IUD was inserted in January 1986, rather than 1987. But Lin testified repeatedly that the correct date was January 1987, as did his wife in her testimony and in her I–589. On one occasion, Lin stated that the IUD was inserted in November 1986. Elsewhere, however, he repeatedly explains that November 1986 was the date that the family planning officials first attempted to enforce the policy against him and his wife. In short, Lin's testimony was inconsistent on this point, which the IJ was entitled to consider. However, given that Lin testified repeatedly as to the correct date, this is a weak finding, as the IJ appeared to acknowledge when she stated that none of the putative inconsistencies were significant.

■ At the 1999 hearing, the IJ found that it was implausible that Lin's wife would have been ordered to report to the family planning office once a year so that she might be used as a bad example, when country condition reports indicated that exceptions to the one-child policy are common. But the one-child policy is still a policy, and nothing in the record suggests that Chinese authorities have ceased attempts to lower birth rates or to punish those who violate the policy.

■ The IJ also based her 1999 adverse credibility determination on the fact that Lin's original I–589 addendum, discussing a fine that was imposed for violating the family planning policy, had stated that "[t]hey took part of my salary to pay the find [sic]," whereas Lin's testimony suggested that his mother had helped him pay the fine to avoid the payment. But Lin's testimony was not inconsistent on this point; he testified that his mother had helped him pay to avoid salary deduction, and later explained that his salary had been reduced for about a month before it was paid.

■ The BIA also noted Lin's failure to mention the IUD insertion in his original addendum, as did the IJ. This omission was clearly material. We note, however, that although Lin's initial I–589 addendum, which was barely half a page long and clearly suffered from translation problems, did not mention the IUD, the amendment he submitted did mention it. Lin thus corrected the omission prior to the hearing. See Secaida–Rosales v. INS, 331 F.3d 297, 308 (2d Cir.2003) ("When measuring whether an omission is 'substantial,' we take note of the fact that the circumstances surrounding the application process do not often lend themselves to a perfectly complete and comprehensive recitation of an applicant's claim to asylum or withholding, and that holding applicants to such a standard is not only unrealistic but also unfair."). Furthermore, Lin testified that he had described the IUD insertion to the preparer and that she had failed to record it. This explanation is entirely plausible, particularly in light of the sparse nature of the initial I–589 addendum, and although the IJ was certainly not obligated

to credit it, neither the IJ nor the BIA even discussed the claim of preparer error. *See id.* at 309 (holding that an IJ erred by summarily rejecting a petitioner's explanation for an omission in his asylum application). The failure to address Lin's explanation further weakens the finding. Thus, only one of the findings from the 2002 hearing and one of the findings from the 1999 hearing were sustainable, and in each case the findings were weak.

In sum, even though some of the IJ's conclusions may be sustainable, and whether or not those findings could themselves constitute substantial evidence supporting an adverse credibility determination, we remand because the error-infected findings make it impossible for us to "state with confidence that the [agency] would adhere to [its] decision were the petition remanded." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144 (2d Cir.2006); *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). Accordingly, we remand the case to the BIA so that the agency may clarify its findings.

For the foregoing reasons, the petition for review is GRANTED, the BIA order is VACATED with regard to those claims, and the case is REMANDED to the BIA for further consideration. Because we have vacated the order denying relief from removal, the pending motion for a stay of removal in this proceeding is DENIED as moot.